SUMMARY ORDER

Petitioners Hwan Tjioe Tjan and Mie Ngu Tjan, natives and citizens of Indone *453 sia, seek review of an April 10, 2008 order of the BIA affirming the August 2, 2006 decision of Immigration Judge (“IJ”) Margaret McManus, denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Hwan Tjioe Tjan and Mie Ngu Tjan, Nos. A96 427 387, A98 477 577 (B.I.A. Apr. 10, 2008), aff'g Nos. A96 427 387, A98 477 577 (Immigr. Ct. N.Y. City Aug. 2, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
As an initial matter, because the Petitioners do not address the IJ’s pretermission of their untimely asylum applications or the agency’s denial of their CAT claim, we deem any such arguments to have been waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Thus, we review only the Petitioners’ challenge to the agency’s denial of their applications for withholding of removal.
When the BIA adopts the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. See, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
We conclude that the record supports the agency’s determination that the Petitioners failed to demonstrate past persecution. The Petitioners’ claims that they received little compensation for the Indonesian government’s possessing their land, that they had been forced to adopt Indonesian names, and that they had to pay higher fees for government documents, although unfortunate, do not rise to the level of “persecution.” See Ci Pan v. U.S. Atty. Gen., 449 F.3d 408, 413 (2d Cir.2006) (“[Persecution is an extreme concept that does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional.” (citation and internal quotation marks omitted)). And in any event, the Petitioners here fail to challenge this aspect of the agency’s decision and have therefore waived any arguments on the issue. See Yueqing Zhang, 426 F.3d at 541 n. 1, 545 n. 7 (stating that arguments not made on appeal are waived).
The Petitioners argue to this Court that the agency erred in not considering two incidents that demonstrate past persecution: (1) when “Ms. Tjan was strangled with a string [by a soldier] while Mr. Tjan was held at gunpoint and forced to watch his wife’s attack in a state of abject terror”; and (2) when their car was “smashed open and looted,” while they were riding in it. However, the Petitioners only described these two incidents in the statements they attached to their asylum applications. They did not describe these incidents either at their merits hearing before the IJ or in their submissions to the the BIA. The Petitioners cannot now place these incidents at the forefront of their brief to this Court where neither the IJ nor the BIA was asked in any meaningful sense to consider them. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007) (stating that, while not jurisdictional, this judicially imposed exhaustion requirement is mandatory).[1]
*454 Furthermore, we find no error in the agency’s conclusion that the Petitioners failed to demonstrate a pattern or practice of persecution against Chinese Christians in Indonesia. Contrary to the Petitioners’ argument, the BIA did not ignore their pattern or practice claim. The BIA reviewed the country condition report in the record, and its order was directly responsive to the Petitioners’ pattern or practice claim. In particular, the BIA considered the evidence of country conditions to determine whether the evidence reflected “widespread mistreatment of Christians” and “violence perpetrated against [ethnic Chinese in Indonesia]”— i.e., whether the record reveals systemic persecution against a group of persons, rather than whether the Petitioners had shown that they would be singled out for persecution. Cf. Mufied v. Mukasey, 508 F.3d 88, 91 (2d Cir.2007) (concluding that the agency erred in ignoring petitioner’s pattern or practice claim). Having conducted that inquiry, the BIA determined that religious violence was “sporadic and limited to specific parts of Indonesia” and that the “ongoing harassment and discrimination” against ethnic Chinese did not “support a finding that there [was] violence.” Because we find that conclusion to be supported by substantial evidence, we must deny the petition for review. See Corovic, 519 F.3d at 95.
For the foregoing reasons, the petition for review is DENIED.

. We are particularly disinclined to consider the Petitioners’ unexhausted arguments where they concede that at least one of the incidents arguably had no nexus to a protected ground. See 8 U.S.C. § 1101(a)(42).